IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00250-GPG

CROSBY LINCOLN POWELL,

     Applicant,

v.

ARAPAHOE COUNTY DISTRICT COURT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Crosby Lincoln Powell, is a prisoner in the custody of the Federal
Bureau of Prisons.  Mr. Powell initiated this action while he was housed at a federal
prison in California by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant
to 28 U.S.C. § 2254 (ECF No. 1).  On March 26, 2015, he filed an Amended Application
for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12).  Mr. Powell is
challenging the validity of his conviction and sentence in a Colorado state court case,
Arapahoe County District Court case number 06CR2664.

On April 15, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents
to file a Pre-Answer Response limited to addressing the affirmative defenses of
timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant
to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those
defenses in this action.  On April 30, 2015, Mr. Powell filed a motion (ECF No. 20)
asking the Court to stay these proceedings because he was in transit to Colorado to

attend a hearing in his federal criminal case and did not have access to his legal

papers.  On May 6, 2015, Respondents filed their Pre-Answer Response (ECF No. 22).

On May 11, 2015, Mr. Powell filed a notice of change of address indicating he currently

is confined at the Federal Correctional Institution at Englewood, Colorado.  On May 12,

2015, Mr. Powell filed his reply (ECF No. 24) to the Pre-Answer Response.

 The Court must construe the application and other papers filed by Mr. Powell

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the Court will dismiss the action.  The motion for a stay

will be denied as moot.

 On January 15, 2009, Mr. Powell agreed to plead guilty in Arapahoe County

District Court case number 06CR2664 to one count of theft and he was sentenced to a

suspended twelve-year prison term and six years of probation.  (*See* ECF No. 22-1 at 4-

8.)  He did not file a direct appeal.

 On April 12, 2013, the state filed a complaint for revocation of probation citing the

existence of a federal conviction, new charges pending in state court, and a failure to

pay restitution.  (*See* ECF No. 12 at 50-51.)  On April 17, 2013, a warrant was issued for

his arrest and, on April 26, 2013, Mr. Powell was arrested on that warrant.  (*See* ECF

No. 22-1 at 15-16.)

 On May 19, 2014, Mr. Powell filed in the trial court a motion pursuant to the

Interstate Agreement on Detainers Act ("IAD") to dispose of the warrant and complaint

for revocation of probation.  (*See id.* at 15.)  On May 22, 2014, he filed a motion for

postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See id.*)  On July 10, 2014, the trial court denied the IAD motion. (*See id.* at 14.)  Mr. Powell appealed from the order denying the IAD motion but, on November 18, 2014, the Colorado Court of Appeals dismissed the appeal without prejudice for lack of a final appealable order.  (*See* ECF Nos. 22-2, 22-3, 22-4.)

Mr. Powell asserts three claims for relief in the amended application.  He contends in his first claim that venue was not proper under Colorado law because the offense occurred in the City and County of Denver and not Arapahoe County.  Mr. Powell contends in his second claim that his constitutional right to due process was violated because the Arapahoe County District Court lacked jurisdiction over an offense in the City and County of Denver.  Mr. Powell contends in his third claim that he has been denied a speedy disposition of the charges in the April 2013 complaint for revocation of probation.

Claim one in the amended application is a state law claim that does not raise a federal constitutional issue.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Mr. Powell argues in support of claim one only that venue was improper as a matter of Colorado state law.  He does not argue in claim one that his federal constitutional rights were violated in any way because of the alleged lack of proper venue.  Therefore, Mr. Powell's first claim in the amended application may not be raised in a federal habeas corpus action pursuant to § 2254 and must be dismissed.

Furthermore, even if Mr. Powell's first claim in the amended application could be

construed liberally as a federal constitutional claim that is not repetitive of claim two in

the amended application, the Court concludes that claim one, like claim two, is untimely

as discussed below.

The Court also finds that claim three in the amended application is not

cognizable in this habeas corpus action.  Mr. Powell contends in claim three that he has

been denied a speedy disposition of the charges in the April 2013 complaint for

revocation of probation that is lodged as a detainer against him.  However, the Supreme

Court "has never held . . . that a prisoner subject to a probation-violation detainer has a

constitutional right to a speedy probation-revocation hearing . . . [and] it is not clear that

the purpose of vindicating a prisoner's constitutional right to a speedy trial is applicable

at all in the context of probation-violation detainers."  *Carchman v. Nash*, 473 U.S. 716,

731 n. 10 (1985).  Therefore, claim three in the amended application also will be

dismissed.

With respect to claim two in the amended application, Respondents contend the

claim is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute

provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in

4

> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C)  the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period the Court first must determine the date on which Mr. Powell's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A). The Court agrees with Respondents that Mr. Powell's conviction became final when the time to file a direct appeal expired.  Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Powell was sentenced on January 15, 2009, he had forty-five days to file a notice of appeal.  The forty-fifth day after January 15, 2009, was Sunday, March 1, 2009, which means the filing deadline extended one additional day until Monday, March 2, 2009.  *See* C.A.R. 26(a).  Therefore, because Mr. Powell did not file a direct appeal, his conviction was final on March 2, 2009.

Mr. Powell does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights

Case 1:15-cv-00250-LTB Document 25 Filed 06/02/15 USDC Colorado Page 6 of 9

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for claim two before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). As a result, the Court finds that the one-year limitation period began to run when his conviction became final on March 2, 2009.

Mr. Powell did not initiate this action within one year after March 2, 2009. Therefore, the next question the Court must address is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court

6

remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

In addition to statutory tolling under § 2244(d)(2), the one-year limitation period may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.  Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Powell did not file any motions in state court seeking postconviction relief until May 22, 2014, when he filed his Rule 35(c) motion.  Because the Rule 35(c) motion was filed more than four years after the one-year limitation period already had expired on March 2, 2010, the Rule 35(c) motion did not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

Mr. Powell also fails to present any argument that justifies equitable tolling.  He does not allege facts that demonstrate he pursued his claims diligently and he fails to identify any extraordinary circumstance that prevented him from filing in a timely manner.  Therefore, the Court finds no basis for equitable tolling of the one-year limitation period.

In conclusion, claims one and three in the amended application will be dismissed because those claims do not present cognizable federal constitutional issues.  Claim two in the amended application is barred by the one-year limitation period in § 2244(d) and will be dismissed for that reason.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that claims one and three in the amended habeas corpus application are dismissed because those claims do not present cognizable federal constitutional issues.  It is

FURTHER ORDERED that claim two in the amended habeas corpus application is dismissed because the claim is barred by the one-year limitation period.  It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 12) are denied and the action is

dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the motion for a stay (ECF No. 20) is denied as moot.

DATED at Denver, Colorado, this _2nd_ day of ___June_____, 2015.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court